UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HEATHER PAINTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-01215-JCM-NJK |
| | ) | |
| vs. | ) | ORDER DENYING SECOND |
| | ) | PROPOSED DISCOVERY PLAN |
| AARON ATWOOD, D.D.S., et al., | ) | (Docket No. 18) |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the second proposed joint discovery plan, Docket No. 18, which is **DENIED** for the reasons discussed below. The Court further **ORDERS** the parties to file, no later than March 1, 2013, a revised joint discovery plan using July 22, 2013 as the discovery cutoff.[1]

**I.    OVERVIEW**

The pendency of a motion to dismiss alone does not in itself stay discovery deadlines. *See, e.g.*, *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, __ F.R.D. ___, 2013 WL 150185, *2 (D. Nev. Jan. 14, 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D.

---

[1] The Court denied the first proposed joint discovery plan for the parties' failure to comply with the Local Rules. *See* Docket No. 17. As the Court has re-examined the history of this case to evaluate the second proposed joint discovery plan, it became clear that the parties' violations of the Local Rules are more significant than the Court had initially outlined.

597, 600 (D. Nev. 2011) (same). Indeed, the Local Rules are written to make clear that the deadlines for the Rule 26(f) conference and, consequently, the filing of the proposed discovery plan are triggered when the first defendant "answers *or otherwise appears*." Local Rule 26-1(d) (emphasis added). Similarly the presumptively reasonable discovery period is 180 days from the date the first defendant "answers or *appears*." *See* Local Rule 26-1(e)(1) (emphasis added).

The first motion to dismiss for failure to state a claim was filed in this case on August 10, 2012. Docket No. 5. The Rule 26(f) conference was required to be held within 30 days thereafter, or September 10, 2012. *See* Local Rule 26-1(d) ("Counsel for plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears"). The stipulated discovery plan was due 14 days thereafter, or September 24, 2012. *See* Local Rule 26-1(d) ("Fourteen (14) days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties shall submit a stipulated discovery plan and scheduling order").[2] In light of the date the motion to dismiss was filed, the presumptively reasonable 180-day discovery period in this case expired on February 6, 2013. *See* Local Rule 26-1(d).

***The parties' first proposed discovery plan was filed after the presumptively reasonable 180-day discovery period had expired. See Docket No. 15 (filed February 11, 2013).***

## II. ANALYSIS

Had the parties complied with the deadlines set in the Local Rules, discovery would be completed. Instead, the parties did not file their initial proposed discovery plan until after the presumptively reasonable discovery period was over. Moreover, the proposed discovery plan pending before the Court seeks that the discovery period not begin to run until the more recently-filed motion to dismiss the third party complaint and counterclaim is decided. *See* Docket No. 18 at 4. As such, the Court construes the proposed discovery plan as seeking a stay of all discovery in addition to the *de*

---

[2] This is made clear not only by the Local Rules, but by the docket entry for the motion to dismiss itself, which provides "Discovery Plan/Scheduling Order due by 9/24/2012." Docket No. 5.

*facto* stay already taken by the parties without Court approval.[3]

As an initial matter (and as discussed above), the filing of a motion to dismiss is not in itself sufficient for the Court to stay discovery. "It is well-established that a party seeking to a stay of discovery carries the heavy burden of making a strong showing why discovery should be stayed." *Tradebay*, 278 F.R.D. at 601. "A showing that discovery may involve some inconvenience and expense does not establish good cause for issuance of a stay." *Id.* Conclusory statements regarding the benefit of a stay are plainly insufficient. *Id.* at 601-02. In order to meet this requirement, the movant must, as a threshold matter, establish that the "pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought." *Id.*

Defendant cannot meet even the threshold showing that the pending motion to dismiss renders a stay of discovery appropriate. Judge Mahan has already denied Defendant's motion to dismiss. Docket No. 12. The pending motion to dismiss targets only the third party complaint and counterclaim. Docket No. 16. As such, the pending motion is not potentially dispositive of the entire case and it provides no justification for staying all discovery in this case.[4] Instead, the request is supported only by conclusory statements regarding judicial economy and the preservation of litigation resources. *See* Docket No. 18 at 4. Accordingly, the Court **DENIES** Defendants' request to stay all discovery until the pending motion to dismiss is resolved.

The parties also provided discovery deadlines in the event that the Court denied the requested stay. These dates are premised on a discovery cut-off of October 28, 2013, which is 180-days from May 1, 2013. *See* Docket No. 18 at 5. The parties provide no rationale for this proposed date, other than their estimate that the pending motion to dismiss will likely be ruled upon by May 1, 2013. *Id.* The alternative requested schedule is also **DENIED**, as the parties failed to provide sufficient reason to

---

[3] The stay is being sought by Defendants. *Id.* Plaintiff takes no position on the request, but rather defers to the Court's discretion. *Id.*

[4] To the extent Defendants would like to seek a stay of discovery related to the third-party complaint and counterclaim, they may file a motion so requesting supported by argument addressing the applicable standards.

provide a discovery period beyond the presumptively reasonable 180-day period.

Rather than the dates provided by the parties, the Court finds that an appropriate discovery cutoff is July 22, 2013, which is 180-days from the Defendant's answer filed in this case.

### III.   CONCLUSION

For the reasons discussed above, the second proposed joint discovery plan, Docket No. 18, is **DENIED**.  The Court further **ORDERS** the parties to submit a revised joint discovery plan using July 22, 2013 as the discovery cutoff.

IT IS SO ORDERED.

DATED: February 26, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge