1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                        DISTRICT OF NEVADA
8                              * * *
9   HEATHER PAINTER,                    )
                                        )
10                      Plaintiff,      )        2:12-cv-01215-JCM-RJJ
                                        )
11  vs.                                 )
                                        )
12  AARON ATWOOD, D.D.S, et al.         )        **O R D E R**
                                        )
13                                      )
                                        )
14                      Defendants.     )
    _____)
15
16          This matter came before the Court on Defendants/Counterclaimants/Third-Party
17  Plaintiff's Motion to Stay Discovery Pending a Ruling on Plaintiff's Motion to Dismiss and to
18  Extend Discovery Deadlines or in the Alternative Motion for Clarification (#27).
                        **PROCEDURAL HISTORY**
19
20          The Plaintiff filed the Complaint in this matter on July 10, 2012. Docket No. 1. On
21  August 10, 2012, the Defendants filed a Motion to Dismiss. Docket No. 5. The Court denied the
22  Defendants Motion to Dismiss on December 12, 2012. Docket No. 12. On January 23, 2013, the
23  Defendant's filed their Answer which included a third-party complaint and counterclaim. Docket
24  No. 14. On February 11, 2013, the Plaintiff filed a Motion to Dismiss the Third Party Complaint
25  and Counterclaims. Docket No. 16. That same day, the parties filed a Proposed Discovery Plan
26  and Scheduling Order. Docket No. 15.  The Court denied that Proposed Discovery Plan and
27  Scheduling Order for failing to comply with the Local Rules. Docket No. 17.  Subsequently, the
28  parties filed another Proposed Discovery Plan and Scheduling Order requesting that discovery
    not begin until the Court decides the Plaintiff's Motion to Dismiss or, in the alternative, that

1    discovery end October 28, 2013. Docket No. 18.  The Court denied that Proposed Discovery Plan

2    as well because it did not provide adequate grounds for staying discovery pending a decision on

3    the Motion to Dismiss nor for allowing an October 28, 2013, discovery cut-off date. Docket No.

4    19.

5            The motion presently before the Court is again seeking to stay discovery pending the

6    Court's decision on the Plaintiff's Motion to Dismiss. Docket No. 27.  Alternatively, the motion

7    seeks clarification of the Court's Order Denying the second Proposed Discovery Plan and

8    Scheduling Order. *Id.*

9                                **DISCUSSION**

10   I.      Motion to Stay

11           The Defendants, Counterclaimants, and Third-Party Plaintiff (collectively, "Atwood

12   Parties") are seeking to stay discovery pending the Court's ruling on the Plaintiff's Motion to

13   Dismiss, Docket No. 16, filed on February 11, 2013.  This is the same request the parties made in

14   the Second Proposed Discovery Plan. *See* Docket No. 19.

15           As the Court explained before, the pendency of a motion to dismiss alone does not in

16   itself stay discovery deadlines. *See, e.g., Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*,

17   __ F.R.D. ___, 2013 WL 150185, *2 (D. Nev. Jan. 14, 2013) ("The Federal Rules of Civil

18   Procedure do not provide for automatic or blanket stays of discovery when a potentially

19   dispositive motion is pending"). *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 600 (D. Nev.

20   2011) (same).  "It is well-established that a party seeking a stay of discovery carries the heavy

21   burden of making a strong showing why discovery should be stayed." *Tradebay*, 278 F.R.D. at

22   601. "A showing that discovery may involve some inconvenience and expense does not establish

23   good cause for issuance of a stay." *Id*. Conclusory statements regarding the benefit of a stay are

24   plainly insufficient. *Id*. at 601-02. In order to meet this requirement, the movant must, as a

25   threshold matter, establish that the "pending motion must be potentially dispositive of the entire

26   case or at least dispositive of the issue on which discovery is sought." *Id*.

27           The Atwood Parties do not meet the threshold showing that the pending motion to

28   dismiss renders a stay of all discovery appropriate. Judge Mahan has already denied Defendant's

1   motion to dismiss. Docket No. 12. The pending motion to dismiss targets only the third party

2   complaint and counterclaim. Docket No. 16. As such, the pending motion is not potentially

3   dispositive of the entire case and it provides no justification for staying all discovery in this case.

4   Instead, the request is supported only by statements that beginning discovery will be inconvenient

5   and expensive. See Docket No. 27 at 6. It does not address why discovery on the Plaintiff's

6   claims cannot commence until the Court decides whether the Atwood Parties' claims should be

7   dismissed. *Id.* Accordingly, the Court DENIES Defendants' request to stay all discovery until the

8   pending motion to dismiss is resolved.

9   II.      Motion to Extend

10          The Atwood Parties have requested an extension of discovery deadlines in the event that

11   the Court denies the Plaintiff's Motion to Dismiss.  This request is premature.  The Court cannot

12   determine whether a discovery extension due to a decision on the Motion to Dismiss is

13   appropriate at this time, because no such decision has been made.  Accordingly, this request is

14   denied.

15          As indicated above, the Plaintiff has claims which the Court has already determined will

16   not be dismissed. The parties should conduct discovery on those claims pursuant to the current

17   discovery schedule. *See* Docket No. 23. In the event that the Atwood Parties' claims survive the

18   Plaintiff's Motion to Dismiss and additional discovery is still necessary, they may request an

19   extension of discovery pursuant to LR 26-4.

20   III.     Motion for Clarification

21          The Atwood Parties take issue with the February 26, 2013, Court Order in that it

22   interpreted their request to postpone discovery until the Court decides the Plaintiff's Motion to

23   Dismiss as a motion to stay discovery.

24          "The Court mischaracterized the Second Proposed Discovery Plan. It was not a Motion
           to Stay all discovery. Instead, the Second Proposed Discovery Plan represented a

25          stipulation between the parties in which they agreed to the discovery deadlines, taking
           into account Plaintiff's pending Motion to Dismiss. **The parties** agreed that duplicating

26          discovery efforts did not make sense and **decided to wait for the Court to rule upon
           Plaintiff's Motion to Dismiss before engaging in discovery**."

27

28   Motion to Stay, Docket No. 27 at 9 (emphasis added).

1    Although the Second Proposed Discovery Plan was not labeled as a motion to stay nor

2   did it sufficiently brief the issue of a stay, it was indeed requesting a stay of discovery.  A stay is

3   defined as "[t]he postponement or halting of a proceeding, judgment, or the like." STAY, *Black's*

4   *Law Dictionary* (9th ed. 2009), stay. The Second Proposed Discovery Plan requested an order to

5   postpone discovery pending a Court decision. Thus, it was requesting a stay of discovery and the

6   Court wrote its decision accordingly.

7    Finally, contrary to the parties' understanding, the Court is aware that the parties

8   stipulated amongst themselves to not conduct discovery.  However, under the Local Rules, such a

9   stipulation must be approved by the Court. LR 7-1(b).

10    No stipulations relating to proceedings before the Court except those set forth in Fed. R.
     Civ. P. 29 shall be effective until approved by the Court. Any stipulation that would
11    interfere with any time set for completion of discovery, for hearing of a motion, or for
     trial, may be made only with the approval of the Court.

12   LR 7-1(b).

13    No such approval was requested nor granted in this case. Thus, the parties' stipulation

14   was in violation of the Local Rules. Further, as explained in the February 26, 2013, Court Order,

15   the parties provided an insufficient explanation for why they disregarded the Local Rules and

16   chose not to conduct discovery in a timely manner. *See* Docket No. 19.  Accordingly, the

17   February 26, 2013, Court Order, like this Order, denied the parties' request for a stay of

18   discovery.

19                                    **CONCLUSION**

20    Based on the foregoing, and good cause appearing therefore,

21    **IT IS HEREBY ORDERED** that Defendants/Counterclaimants/Third-Party Plaintiff's

22   Motion to Stay Discovery Pending a Ruling on Plaintiff's Motion to Dismiss and to Extend

23   Discovery Deadlines or in the Alternative Motion for Clarification (#27) is **DENIED**.

24    DATED this _28th___ day of March, 2013

25

26

27                                    _____
                                      NANCY J. KOPPE
                                      United States Magistrate Judge
28