1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HEATHER PAINTER,

   Plaintiff(s),

v.

AARON ATWOOD, D.D.S., et al.,

   Defendant(s).

2:12-CV-1215 JCM (RJJ)

**ORDER**

  Presently before the court is plaintiff/counter-defendant's, Heather Painter, motion to dismiss. (Doc. # 16). Counter-claimant, Dr. Aaron Atwood, and third party plaintiff, Kelli Atwood, filed a response in opposition (doc. # 20), and plaintiff/counter-defendant filed a reply (doc. #26).

**I. Background**

  The factual background and procedural background are necessary to resolve the instant motion to dismiss.

  *A. Factual Background*

  Plaintiff began working at defendant Atwood Urgent Dental Care, PLLC ("Atwood Urgent") in or around July 2010. (Doc. # 1, Compl. at ¶ 8). Atwood Urgent is a "24/7" dental practice that served patients after business hours. (*See id.* at ¶ 9). Plaintiff's duties included assisting defendant Dr. Aaron Atwood with dental procedures in addition to office and clerical work. (*Id.* at ¶ 8). Plaintiff would occasionally perform these duties in the evenings. (*Id.* at 9).

. . .

**James C. Mahan**
**U.S. District Judge**

Plaintiff alleges that after a few months of employment Dr. Atwood began to initiate conversations focused on her dating life. (*Id.* at ¶ 11). According to plaintiff, Dr. Atwood's actions and comments became increasingly more sexual and aggressive. (*See id.* at ¶¶ 11-15).

Plaintiff alleges that in August 2011, Dr. Atwood requested that she accompany him to the office to work on a patient. (*Id.* at ¶ 16). The patient did not show. (*Id.* at ¶ 17). Plaintiff alleges that Dr. Atwood, with no one else in the building, attempted to either rape or sexually assault her. (*Id.* at ¶ 17). Plaintiff eventually stopped working at Atwood Urgent.

These facts led to plaintiff filing the instant action. Plaintiff alleges the following four cases of action: (1) intentional infliction of emotional distress ("IIED"); (2) battery; (3) false imprisonment; and (4) constructive discharge. (*See id.*).

### B.   Procedural Background

Defendants filed a motion to dismiss in this case arguing that plaintiff's state law tort claims were preempted by certain Nevada statutes and that rape or sexual assault would not violate Nevada's public policy. *See Painter v. Atwood*, 2012 WL 6204861, —F.Supp.2d—, (D. Nev. 2012). This court denied the motion to dismiss and held that the state tort claims were not preempted by Nevada statutes and that rape or sexual assault would violate Nevada's public policy. *See id.*

After the court denied the motion to dismiss, counter-claimant and third party plaintiff answered the complaint. (Doc. # 14). The answer included counterclaims against plaintiff.

### C.   New Facts

The counterclaim alleges that the Atwoods entered into a promissory note with plaintiff in exchange for $2,500 with interest accruing on the unpaid principal at 8% per annum. (Doc. # 14, ¶¶ 8-9). The parties allegedly entered into the note on February 1, 2011. (*Id.*). Pursuant to the terms of the note, plaintiff agreed to repay the Atwoods in monthly installments of $214.47 commencing on April 1, 2011, until the note was paid off on March 1, 2012. (*Id.* at ¶ 10).

The Atwoods allege that plaintiff was unable or unwilling to repay the money loaned under the loan. (Id. at ¶ 14). The Atwoods now allege the following three causes of action against plaintiff: breach of contract; unjust enrichment; and, breach of the covenant of good faith and fair

James C. Mahan
U.S. District Judge

1   dealing.

2   **II.    Legal Standard**

3          All counterclaims are either compulsory or permissive.  Compulsory counterclaims are

4   claims that "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing

5   party's claim" and "does not require adding another party over whom the court cannot acquire

6   jurisdiction." Fed. R. Civ. P. 13(a).  The Ninth Circuit has adopted the "logical relationship test"

7   for determining whether a counterclaim is compulsory.  The test states:

8                  A logical relationship exists when the counterclaim arises from the same
                   aggregate set of operative facts as the initial claim, in that the same operative
9                  facts serve as the basis of both claims or the aggregate core of facts upon
                   which the claim rests activates additional legal rights otherwise dormant in
10                 the defendant.

11  *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005) (quoting *In re Pinkstaff*, 974 F.2d

12  113, 115 (9th Cir. 1992)); *Sparrow v. Mazda America Credit*, 385 F.Supp.2d 1063, 1066 (E.D. Cal.

13  2005) ("Under this test, the court analyzes whether the essential facts of the various claims are so

14  logically connected that considerations of judicial economy and fairness dictate that all issues be

15  resolved in one suit.") (internal citations, quotations, and alterations omitted).

16         All claims that are not compulsory are permissive.  Federal Rule of Civil Procedure 13(b)

17  states that "[a] pleading may state as a counterclaim against an opposing party any claim that is not

18  compulsory."  Further, the advisory committee notes to the 2007 amendment of Rule 13 require

19  "[b]oth as a matter of intended meaning and current practice, a party may state as a permissive

20  counterclaim a claim that does grow out of the same transaction or occurrence as an opposing party's

21  claim even though one of the exceptions in Rule 13(a) means the claim is not a compulsory

22  counterclaim."

23         28 U.S.C. § 1367(a) permits a federal district court to exercise supplemental jurisdiction over

24  state law claims when (1) the federal district court has original jurisdiction over the action and (2)

25  the other claims are so related to claims in the action within original jurisdiction that they form part

26  of the same case or controversy under Article III.  Court have abandoned "the analysis for

27  determining whether supplemental jurisdiction exists based on whether a counterclaim is compulsory

28

**James C. Mahan**
**U.S. District Judge**

1    or permissive." *Sparrow*, 385 F.Supp.2d at 1067 (collecting cases).   "The issue whether

2    supplemental jurisdiction exists over counterclaims is determined by the language of § 1367." *Id.*

3    "Whether supplemental jurisdiction exists over a counterclaim depends on whether the state

4    counterclaim and the federal claim [are] 'so related . . . that they form part of the same case or

5    controversy under Article III of the United States Constitution.'" *Id.* (quoting 28 U.S.C. § 1367(a)).

6    **III.    Discussion**

7           This court has original, diversity jurisdiction pursuant to 28 U.S.C. § 1332 of plaintiff

8    Painter's claims against Dr. Atwood and Atwood Urgent Care.   However, this court clearly lacks

9    subject matter jurisdiction over the counterclaims asserted by the Atwoods.   The issue is whether this

10   court may exercise supplemental jurisdiction over the counterclaims pursuant to § 1367.

11          As an initial matter, the court finds it necessary to determine whether the counterclaims are

12   permissive or compulsory.   This determination is important not because it will have any impact of

13   effect on the supplemental jurisdiction analysis, but because of potential res judicata or collateral

14   estoppel ramifications.   The counterclaims cannot meet the logical relationship test and are not

15   compulsory.   The are completely unrelated occurrences.

16          The counterclaims are permissive counterclaims.   The court may exercise supplemental

17   jurisdiction over the counterclaims provided satisfaction of § 1367.   The counterclaims must be "so

18   related to claims in the action within such original jurisdiction that they form part of the same case

19   or controversy under Article III of the United States Constitution."

20          The Atwoods argue that this court can exercise supplemental jurisdiction over their state law

21   breach of contract claim for two reasons.   First, the Atwoods argue that the alleged sexual assault

22   claims (where this court has original, diversity jurisdiction) and the breach of contract claims for the

23   note (the supplemental claims) both derive from Painter's employment relationship with Dr.

24   Atwood.   Therefore, there is a common nucleus of operative facts.   Second, the Atwoods argue none

25   of the reasons for declining jurisdiction under § 1367©) apply in this case.

26          Plaintiff Painter argues that the claims do not stem from the same operative facts.   Plaintiff

27   argues that her sexual assault claims have no connection to the breach of the note counterclaims.

28

James C. Mahan
U.S. District Judge                                          - 4 -

1    The court agrees with defendants/counter-plaintiffs and finds that the requirements of § 1367

2    are satisfied.  The loan or alleged assault originated from either the work relationship, or the personal

3    relationship between Dr. Atwood and plaintiff Painter, or perhaps both.

4        The loan, the failure to repay the loan, and alleged sexual assault occurred at different times,

5    at different places, and for different reasons.  However, both occurred due to the personal and work

6    relationship between Dr. Atwood and plaintiff Painter.  The court finds that there is a sufficient

7    connection between the claims giving rise to original jurisdiction and the counter claims to exercise

8    supplemental jurisdiction.  *See Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (holding that

9    § 1367 requires a "loose factual connection between claims").  When considering "judicial economy,

10   convenience and fairness to litigants," *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966),

11   the court finds these claims warrant adjudication in a single action.

12       Finally, a district court may decline to exercise supplemental jurisdiction over a claim if: (1)

13   the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over

14   the claim or claims over which the district court has original jurisdiction; (3) the district court has

15   dismissed all claims over which it has original jurisdiction; or, (4) in exceptional circumstances,

16   there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367©).  The court finds

17   that none of the § 1367©) exceptions apply and that the breach of contract claim would not be an

18   unnecessary diversion in the event of a trial on plaintiff's state law tort allegations from the alleged

19   sexual assault.

20       Accordingly,

21       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff/counter-

22   defendant's motion to dismiss (doc. # 16) be, and the same hereby, is DENIED.

23       DATED May 29, 2013.

24

25   _____
     **UNITED STATES DISTRICT JUDGE**

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -