UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HEATHER PAINTER, <br><br> Plaintiff, <br><br> vs. <br><br> AARON ATWOOD, D.D.S, et al. <br><br> Defendants. | 2:12-cv-01215-JCM-RJJ <br><br> **O R D E R** |

Before the Court is Defendant Atwood Urgent Dental Care, PLLC's Motion to Compel Responses to Written Discovery Requests (#35). The Court has considered the Defendant's Motion (#35), the Plaintiff's Opposition (#37), and the Defendant's Reply (#38). The Court finds the motion properly resolved without oral argument, see Local Rule 78-2, and hereby VACATES the hearing set for August 12, 2013.

**BACKGROUND**

The Defendant asserts that on May 8, 2013, it served via mail its First Set of Interrogatories and its First Set of Requests for Production on the Plaintiff. Docket No. 35. On June 18, 2013, Defendant's counsel contacted Plaintiff's counsel to follow up on the status of the responses. *See* Email Confirming Telephone Conversation, Docket No. 35-1, at 20. At that time, Plaintiff's counsel informed Defendant's counsel that Plaintiff's counsel did not receive the written discovery requests. *Id.*; *see also* Docket No. 35 and 37. Thereafter, Defendant's counsel emailed its First Set of Interrogatories and its First Set of Requests for Production to Plaintiff's counsel. *Id*. Defendant's counsel informed Plaintiff's counsel that Defendants needed responses by the close of business on June 24, 2013. *Id*.

1    On June 19, 2013, the parties Submitted a Stipulation to Extend Discovery Deadlines.
2    Docket No. 33. The Court approved the stipulation and extended the discovery deadline until
3    September 20, 2013. Docket No. 34.
4    On July 1, 2013, Plaintiff's and Defendant's counsel spoke again and agreed that
5    responses to the Defendant's written discovery requests would be due on or before July 15,
6    2013.[1] *See* Email Confirming July 1, 2013, Conversation Re: Deposition Dates and Discovery
7    Requests, Docket No. 35-2, at 22. However, the Plaintiff did not provide responses by July 15,
8    2013. Docket No. 35 and 37. On July 17, 2013, Defendant's counsel spoke with Plaintiff's
9    counsel and indicated that if responses were not received by July 22, 2013, he would have to file
10   a motion to compel. *See* Email Confirming June 17, 2013, Telephone Conversation, Docket No.
11   35-2, at 24. During that conversation Defendant's counsel indicated that he needed responses to
12   written discovery in order to subpoena medical records prior to the Plaintiff's September 13,
13   2013, deposition. *Id*.  The Plaintiff did not produce written discovery responses by July 22, 2013.
14   Docket No. 35 and 37.
15   On July 23, 2013, Plaintiff's counsel sent a facsimile to Defendant's counsel which
16   asserted that the medical authorization contained within the First Set of Requests for Production
17   was improper because it did not contain specific names of medical providers nor a limiting date.
18   *See* Facsimile Dated July 23, 2013, Docket No. 35-2 at 26. On July 26, 2013, Defendants counsel
19   responded to the facsimile stating that it submitted a blanket medical authorization because the
20   Plaintiff never identified her healthcare providers. *See* Letter Dated July 26, 2013, Docket No.
21   35-2, at 28.  Defendants counsel also noted that the facsimile did not address when the Plaintiff
22   would produce her written discovery request responses. *Id*.
23   On June 26, 2013, the Defendant filed the present motion seeking a Court order
24   compelling the Plaintiff to respond to its First Set of Interrogatories and its First Set of requests

---

[1] Plaintiff asserts that this, and all the other deadlines outlined in the Motion to Compel, were self-imposed deadlines and she was actually entitled to a full 30 days from when the discovery requests were received to respond to the written discovery. Docket No. 37, at 4. Therefore, according to the Plaintiff, "answers should have been delivered to opposing counsel by July 18, 2013." *Id*., at 3.

for Production on the Plaintiff; and awarding reasonable attorney's fees in the amount of $1,250.50 for telephone calls, emails, and having to bring the instant motion. Docket No. 35.

On August 5, 2013, the Plaintiff responded that she provided responses to the Defendant's written discovery requests on August 1, 2013. Docket No. 37. Accordingly, the Plaintiff asserts, the Defendant's motion is moot. *Id*.

On August 7, 2013, the Defendant filed a Reply arguing that the Plaintiff's responses are incomplete and inadequate. Docket No. 38. Additionally, the Defendant argues that the request for fees should not be disregarded. *Id*.

## **DISCUSSION**

### I. **Motion to Compel**

On July, 26, 2013, the Defendant requested responses to its First Set of Interrogatories and its First Set of requests for Production. Docket No. 35. On August 1, 2013, the Defendant received the Plaintiff's responses. Docket No. 37. Now, however, the Defendant asserts that those responses are not adequate. Docket No. 38.

#### A. <u>Interrogatory Responses</u>

The Defendant argues that the interrogatory responses are not adequate because they are not verified. Docket No. 38. Fed.R.Civ.P. 33(b)(3) requires that all interrogatory responses be under oath. Therefore, the Plaintiff is required to produce verified responses to the First Set of Interrogatories. To date, the Plaintiff has not provide verified responses and, therefore, she must do so in accordance with the Federal Rules of Civil Procedure.

#### B. <u>Request for Production Responses</u>

In the Reply, the Defendant argues that the responses to the requests for production were incomplete. Docket No. 38. However, these arguments are prematurely before the Court. The Defendant has not met and conferred with the Plaintiff in an attempt to resolve this dispute without Court intervention. *See* LR 26-7(b) (Discovery motion will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action.); *see also ShuffleMaster, Inc. V. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996)
- 3 -

1  (Holding that personal consultation means the movant must "personally engage in two-way
2  communication with the nonresponding party to meaningfully discuss each contested discovery
3  dispute in a genuine effort to avoid judicial intervention); see also *Fifty-Six Hope Rd. Music,*
4  *Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D. Nev. June 11, 2007) (Holding that
5  meaningful discussion means the parties must present the merits of their respective positions and
6  assess the relative strengths of each).

7  Additionally, "[t]he Court does not and will not make a practice of addressing the merits
8  of issues first raised in a reply, as the opposing party is not afforded any opportunity to respond
9  to new issues raised in a reply, which is ordinarily the last document submitted prior to the
10 Court's ruling on a motion." *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1204 fn. 1 (D. Nev.
11 2009)*, citing Knapp v. Miller,* 873 F.Supp. 375, 378 n. 3 (D.Nev.1994); *see United States v.*
12 *Bohn,* 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (noting that courts generally decline to
13 consider arguments raised for the first time in a reply brief).

14 The Court acknowledges that this is the first opportunity the Defendant has had to raise
15 the apparent deficiencies with the Plaintiff's responses, and it is troublesome that the responses
16 appear to be inadequate in addition to being late. However, it is more appropriate for the parties
17 to attempt to resolve this dispute without Court intervention than for the Court to make a ruling
18 prior to a proper meet and confer. To the extent that the Defendant Reply requests more
19 sufficient responses to its discovery requests, it is denied.

20 **II.    Sanctions**

21 The Defendant requests reasonable attorney's fees in the amount of $1,250.50 for
22 telephone calls, emails, and having to bring the instant motion. Docket No. 35. The Plaintiff
23 admits that her responses were late, but asserts that because she has produced the requested
24 discovery, sanctions are not appropriate. Docket No. 37. Additionally, the Plaintiff blames
25 "counsel's inability to make contact with the Plaintiff in a timely fashion" for the two week
26 delay. *Id*.
27 . . .
28 . . .

1    Fed.R.Civ.P. 37(a)(5)(A) provides,

2    (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—**or if the disclosure or requested discovery is provided after the motion was filed**—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

Here, the Plaintiff acknowledges that the requested discovery was produced late and provided after the Defendant's motion was filed. Although the Plaintiff blames "counsel's inability to make contact with the Plaintiff in a timely fashion" for the two week delay, that does not explain why sanctions should not be imposed. The Plaintiff and her counsel have a duty to stay in contact with one another regarding the case and to produce discovery in a timely manner. Accordingly, the Court finds that sanctions are appropriate. However, the Defendant's request for sanctions include a request for time the Defendant's counsel anticipates spending on reviewing the Plaintiff's Opposition, drafting the Reply, and attending the hearing (which did not occur). The Court only awards sanctions based on the reasonable time spent working. Therefore, the Defendant must resubmit its request for sanctions, including only actual time spent attempting to obtain the requested discovery, writing the motion to compel, reviewing the Opposition, and writing the Reply. Defendant's counsel must support this request with appropriate documentation. Defendant must do so no later than August 15, 2013.

Further, before awarding sanctions, the Court will allow the Plaintiff an opportunity to be heard. The Plaintiff must show cause in writing no later than August 22, 2013, why attorney's fees for having to bring the instant motion should not be awarded.

. . .

. . .

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Atwood Urgent Dental Care, PLLC's Motion to Compel Responses to Written Discovery Requests (#35) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Defendant's request for a Court Order compelling verified responses to its First Set of Interrogatories is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's request for a Court Order compelling responses to its First Set of Requests for Production is **Denied without prejudice**.

**IT IS FURTHER ORDERED** that the Defendant shall provide actual hours worked with appropriate documentation no later than August 15, 2013.

**IT IS FURTHER ORDERED** that the Plaintiff shall show cause in writing, no later than **August 22, 2013**, why she should not be sanctioned for the costs and fees associated with bringing the instant motion. The Defendant may file a response no later than August 27, 2013, and the Plaintiff may file a reply no later than August 29, 2013.

**IT IS FURTHER ORDERED** that the hearing on this matter set for August 12, 2013, at 3:00 p.m. in LV Courtroom 3D is hereby **VACATED.**

DATED this  8th   day of August, 2013

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**