UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| HEATHER PAINTER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:12-cv-01215-JCM-RJJ |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON ATWOOD, D.D.S, et al. | ) | **O R D E R** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendant Atwood Urgent Dental Care, PLLC's Application for Sanctions, Docket No. 40, and Plaintiff Heather Painter's Response to Order to Show Cause, Docket No. 45. The Court has considered Defendant's Motion (#40) and Plaintiff's Response to the Order to Show Cause (#45), and finds that both are properly resolved without oral argument. *See* Local Rule 78-2.

**BACKGROUND**

On June 26, 2013, Defendant filed a Motion to Compel seeking a Court order compelling Plaintiff to respond to its First Set of Interrogatories and its First Set of Requests for Production on Plaintiff. Defendant also asked the Court to award reasonable attorney's fees in the amount of $1,250.50 for telephone calls, emails, and having to bring the motion. Docket Nos. 35; 38.

The Court granted in part and denied in part Defendant's motion on August 8, 2013. Docket No. 39. The Court ordered Plaintiff to provide verified responses to the First Set of Interrogatories and to show cause in writing why she should not be sanctioned for the costs and fees associated with bringing the Motion to Compel. *Id*. Additionally, the Court ordered Defendant to resubmit its request for sanctions providing documentation for the actual hours worked. *Id*. The Court noted that Defendant's request for $1,250.50 included anticipated hours,

not actual hours, for reviewing the opposition, drafting the reply, and preparing for and attending the hearing, which was ultimately vacated. *Id.*

On August 14, 2013, Defendant resubmitted its request for sanctions. Docket No. 40. Defendant now seeks compensation for 10.6 hours worked at a rate of $205.00 per hour, for a total of $2,173.00. *Id.* Plaintiff responded on August 27, 2013, arguing that the imposition of attorney's fees on Plaintiff would be unjust due to the lack of severity of her discovery violation and her current economic circumstances. Docket No. 45. Additionally, Plaintiff notes that Defendant's request for fees increased by approximately seventy-five percent from its prior motion. *Id.*

## DISCUSSION

The Court granted in part Defendant's Motion to Compel and, accordingly, instructed Defendant to specify all sanctions sought and provide the court with documentation for those sanctions. Additionally, the Court gave Plaintiff an opportunity to be heard by instructing her to show cause why she should not be sanctioned and file any objections to Defendant's forthcoming motion for sanctions.

When a Rule 37 motion is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P 37(a)(5). However, "the court must not order this payment if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." *Id.*

**A. Good Faith**

The first inquiry therefore is whether Defendant attempted in "good faith" to confer with Plaintiff before filing the motion and requesting court action. "[G]ood faith mandates a genuine attempt to resolve discovery dispute through nonjudicial means, and conferment requires party to have had or attempted to have had an actual meeting or conference." *Shuffle Master, Inc., v.*

*Progressive Games Inc.* Et. al., 170 F.R.D 166.

Here, the parties met and conferred on July 1, 2013, and June 17, 2013. *See* Docket No. 39. However, according to Defendant's present motion, both of those conversations lasted less than an hour combined. Docket No. 40, at 3. This is markedly different from Defendant's prior representation that the parties spent 3.6 hours engaging in telephonic conversations. Docket No. 35, at 5.

During the July 1, 2013, conversation the parties agreed that responses to Defendant's written discovery requests would be due on or before July 15, 2013.[1] *See* Email Confirming July 1, 2013, Conversation Re: Deposition Dates and Discovery Requests, Docket No. 35-2, at 22. However, when Plaintiff did not provide responses by July 15, 2013, Defendant's counsel again spoke with Plaintiff's counsel and indicated that if responses were not received by July 22, 2013, he would have to file a motion to compel. *See* Email Confirming June 17, 2013, Telephone Conversation, Docket No. 35-2, at 24. Plaintiff did not produce written discovery responses by July 22, 2013. Docket No. 35 and 37. At that point, counsel exchanged letters but did not properly meet and confer between July 22, 2013, and when Defendant filed its Motion to Compel on June 26, 2013. Docket No. 35. Plaintiff provided her responses to Defendant's written discovery requests on August 1, 2013. Docket No. 37.

Therefore, because there was no meet and confer after July 22, 2013, and in light of the fact that Plaintiff propounded her responses shortly thereafter and Defendant grossly misrepresented the amount of time spent meeting and conferring on this issue before July 22, 2013, the Court finds that additional discussions likely would have prevented court intervention on this dispute as the parties could have agreed to a slight extension.[2] Accordingly, no genuine attempt to resolve the discovery dispute through nonjudicial means occurred and sanctions are not appropriate.

---

[1] Plaintiff received the discovery requests on June 18, 2013; therefore, under the Federal Rules, responses were due July 18, 2013.

[2] This conclusion is further supported by Plaintiff's counsel's representation that she informed opposing counsel that she was experiencing difficulties communicating with her client. Docket No. 37.

**B. Other Circumstances**

Although the failure to meet and confer in good faith is a sufficient reason to deny sanctions on its own, the Court also finds that Plaintiff has met her burden of showing that other circumstances exist which make an award of fees unjust. *See e.g. Varney v. California Highway Patrol*, 2013 WL 2299544. *3 (N.D. Cal. May 24, 2013)*; citing Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir.1994)("[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned").

First, while a finding of bad faith is not a requirement for imposing sanctions, good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust. *Hyde & Drath,* 24 F.3d at 1171. Here, there is no indication that Plaintiff's delay in producing discovery responses was the result of bad faith. Rather, it appears that Plaintiff fully intended to cooperate in discovery but required additional counseling from her attorney to understand the importance of timeliness. This appears to be an isolated incident and, additionally, Plaintiff's counsel has represented that timeliness will not be an issue moving forward.

Next, Plaintiff's counsel has also indicated that imposing an award of fees and costs on Plaintiff would be unjust due to her financial circumstances. Although financial indigence by itself does not necessarily make an award of expenses unjust, "there are situations in which financial indigency may tilt against the imposition of Rule 37 sanctions." *Bosworth v. Record Data of Maryland, Inc.,* 102 F.R.D. 518, 521 (D.Md.1984). For example, in *Equal Employment Opportunity Comm'n v. Otto*, 75 F.R.D. 624, 627-28 (D. Md. 1976), the court found that an award of expenses would be unjust when the defendant had limited financial resources and there was no evidence supporting the reasonableness of expenses incurred in creating the opposition, which the court found did not necessitate extensive legal research or work.

Similarly, here, as in *Otto*, there is no evidence supporting the reasonableness of expenses incurred. *See Id*. Indeed, evidence to the contrary exists. Defendant's original motion and reply indicated that it would incur $1,250.50 in unnecessary costs and fees dealing with Plaintiff's failure to produce discovery. Docket No. 35, at 5; Docket No. 38, at 8. The Defendant estimated that it would spend "a total of 6.1 hours" on this dispute, including 3.5 hours it believed it would

- 4 -

1  incur reviewing and replying to Plaintiff's response as well as preparing for and attending the
2  scheduled hearing. *Id*. However, Plaintiff then produced her discovery responses and the Court
3  vacated the hearing. Docket No. 39. Nevertheless, Defendant now represents that it incurred
4  $2,173.00 in unnecessary costs and fees. Docket No. 40. This figure represents a total of 10.6
5  hours, 5.1 of which were allegedly spent just drafting the reply, despite the fact that the reply
6  itself requests $1,250.50. Docket No. 38, at 8. Therefore, according to Defendant, it spent more
7  time drafting a reply to what was essentially a non-opposition than it would have spent had
8  Plaintiff substantively opposed the motion and had the Court held the hearing. The Court finds
9  that not only is this unlikely, but it also indicates that the expenses allegedly incurred by
10 Defendant were unreasonable.
11     Therefore, considering Defendant's minimal meet and confer efforts, Plaintiff's
12 representation that her delay will not turn into a pattern of behavior, and the unreasonableness of
13 Defendant's expenses coupled with Plaintiff's limited financial resources, the Court finds that an
14 award of costs and fees would be unjust.
15     Accordingly, the Court denies Defendant's request for sanctions.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant Atwood Urgent Dental Care, PLLC's Application for Sanctions (#40) is **DENIED**.

IT IS FURTHER ORDERED that the Order to Show Cause is **DISCHARGED**.

DATED this __3rd__ day of September, 2013.

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**