UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HEATHER PAINTER, | ) |
| | ) |
| Plaintiff, | ) 2:12-cv-01215-JCM-RJJ |
| | ) |
| vs. | ) |
| | ) |
| AARON ATWOOD, D.D.S, et al. | ) **O R D E R** |
| | ) |
| Defendants. | ) |

Before the Court is Defendants' Emergency Motion to Compel Plaintiff to Attend a FRCP 35 Evaluation with Lewis M. Etcoff, Ph.D., ABN, Docket No. 49. The Court has reviewed Defendants' Motion, Docket No. 49, Plaintiff's Response, Docket No. 51, and Defendants' Reply, Docket No. 52. The Court finds the motion properly resolved without oral argument, *see* Local Rule 78-2, and hereby VACATES the hearing set for September 27, 2013.

**BACKGROUND**

Plaintiff's Complaint alleges causes of action for intentional infliction of emotional distress, battery, false imprisonment, and constructive discharge. Docket No. 1. According to Plaintiff, she suffered extreme emotional distress due to the actions of her former employer,[1] Defendant Aaron Atwood, D.D.S., when he allegedly climbed on top of her with his pants undone and held her down. *Id*. at 5. Defendant Atwood disputes Plaintiff's recollection of events and stated during his deposition that he was only attempting to tickle Plaintiff and that the sexual nature of their relationship was consensual. Docket No. 51 (*citing* Atwood Deposition, at 51-52).

---

[1] Plaintiff worked at Defendant Atwood's dental practice and also babysat his three children.

1    In light of Plaintiff's allegations of intentional infliction of emotional distress and
2 extreme emotional distress, Defendants have retained Lewis M. Etcoff, Ph.D., to conduct a
3 records review and an independent psychological evaluation ("IME") of Plaintiff. Docket No. 49,
4 at 4. The only day prior to the initial expert disclosure deadline that Dr. Etcoff is available to
5 conduct the IME is September 30, 2013. *Id*. According to Defendants, a full thorough evaluation
6 will require an entire day examination, from 8:30 a.m. to 5:00 p.m. *Id*. Defendants have also
7 offered to reduce the evaluation time to 5 ½ to 6 hours, with breaks throughout the examination,
8 including 1 ½ hours for lunch.[2] *Id*. at 5. That examination would last from 9:00 a.m. to 4:30 p.m.
9 *Id*. at 8.
10   Plaintiff has agreed to submit to an IME and does not object to the evaluation occurring
11 on September 30, 2013. Docket No. 51, at 1. However, Plaintiff objects to the length of the
12 evaluation and argues that a proper evaluation can be conducted in under 90 minutes. *Id*. at 12.

13                                          **DISCUSSION**
14   **I.   Legal Standard**
15   Under Federal Rule of Civil Procedure 35(a), when the mental or physical condition of a
16 party is in controversy, the court may order the party to submit to a physical or mental
17 examination by a suitably licensed or certified examiner. The order may be made only on a
18 motion for good cause. Fed.R.Civ.P. 35(a).
19   Since the parties agree that Plaintiff's mental state is in controversy and that good cause
20 exists to conduct a Rule 35 mental examination, the Court will only address the issue in dispute.
21 Pursuant to Rule 35, the court may specify the scope and length of the examination. *See*
22 Fed.R.Civ.P. 35.
23 . . .
24 . . .
25 . . .
26 . . .

---

28   [2] Defendants assert that they made this offer in a good faith effort to achieve a compromise. Docket No. 49, at 4 ln. 27-28.

**II.     Length of the Examination**

The parties disagree as to the length of the IME. Defendants propose a 5 ½ to 6 hour examination to be performed by Lewis M. Etcoff, Ph.D., consisting of written and verbal evaluations, including several personality exams and discussions with Dr. Etcoff. Docket No. 49, at 8.  Plaintiff seeks to limit the length to no longer than 90 minutes. Docket No. 51. In support of this request, Plaintiff submitted a declaration from Dr. Paul J. Janda, D.O.,[3] who states that he is routinely required to make psychological evaluations and that he is able to conduct those evaluations in approximately 45 minutes. Docket No. 51-1. However, Dr. Janda does not state whether any of those evaluations were conducted for the purpose of preparing an expert opinion to be used at trial. *See id*.

Defendant contends that 90 minutes is not sufficient given that Dr. Etcoff desires to conduct a full and thorough evaluation of Plaintiff. Docket No. 49, at 4. Defendants have submitted a declaration of Defendants' counsel which indicates that Defendants' counsel spoke with Dr. Etcoff, who indicated that the examination could be conducted in 5 ½ to 6 hours. Docket No. 49-1, at 3 ¶ 13. The examination would be broken down into several personality tests that take 2-3 hours to complete as wells as a 2-3 hour interview with Dr. Etcoff. Docket No. 52, at 3 ln. 11-13. As part of the original motion, Defense Counsel swore under penalty of perjury that he was correctly representing Dr. Etcoff's position. Docket No. 49-1.

Additionally, Defendants attached a letter from Dr. Etcoff to their Reply.  Docket No. 52, Exhibit A.  In the letter, Dr. Etcoff explains that, in order to conduct a complete and accurate forensic psychological evaluation of Plaintiff, he will first conduct a 2-3 hour interview with her. *Id*. The interview will address Plaintiff's "descriptions and perceptions of the incident, the context in which it occurred, and the physical, mental, and emotional impairments that may have resulted." *Id*. The interview will also address other stressors in Plaintiff's life. *Id*. Dr. Etcoff will, additionally, administer two personality tests to Plaintiff: the Minnesota Multiphasic Personality Inventory-2RF (MMPI-2-RF), and either the Personality Assessment Inventory (PAI)

---

[3] Dr. Janda is a Neurologist and adjunct faculty member at the Touro University Nevada School of Medicine.

1  or the Millon Clinical Multiaxial Inventory-III (MCMI-III).  *Id*.  Dr Etcoff states that each of
2  these tests is an objective measure of psychological testing, and that completion of them will take
3  2-3 hours.  *Id*.

4  Plaintiff's mental state and whether Defendant Atwood's actions impacted her
5  psychologically are a primary issues in this litigation, and Defendants have a right to assess her
6  intellectual abilities and her mental state to confirm her diagnosis, to determine the severity of
7  any psychological disorders, and to come to a conclusion as to whether Defendant Atwood's
8  actions contributed to her current mental state or if her diagnosis was preexisting. In order to
9  make those determinations, Dr. Etcoff has proposed 5 ½ to 6 hours of personality tests and
10 interviews. Docket No. 52, at 3. Defendants assert that anything less than the testing proposed by
11 Dr. Etcoff will not meet *Daubert* standards and will result in Dr. Etcoff's expert testimony being
12 less than reliable and, therefore, excludable. Id. at 2. Further, Defendants assert that deposing
13 Plaintiff and reviewing medical records is not an adequate substitution for a clinical evaluation,
14 because "a person's mental state is very subjective." Docket No. 49.  By contrast, Plaintiff
15 objects to an all-day examination on the grounds that it is abusive and little more than a tactic to
16 intimidate her. Docket No. 51.

17 Plaintiff is incorrect. Defendants have the right to perform their own assessment, because
18 one of the purposes of Rule 35 is to level the playing field in cases where physical or mental
19 condition is at issue, because "[a] plaintiff has ample opportunity for psychiatric or mental
20 examination by his/her own practitioner or forensic expert." *See Ashley v. City & Cnty. of San*
21 *Francisco*, 2013 WL 2386655 (N.D. Cal. May 30, 2013); citing *Ragge v. MCA/Universal*
22 *Studios*, 165 F.R.D. 605, 608 (C.D.Cal.1995). The Court notes that Plaintiff has not objected to
23 Dr. Etcoff's qualifications nor claimed that he is not "a suitably licensed or certified examiner."
24 *See* Fed.R.Civ.P. 35(a)(1).

25 Accordingly, the Court is convinced that the proposed  5 ½ to 6 hours of testing, split
26 between the interview and standard psychological testing, is necessary to obtain an accurate
27 diagnosis. In fact, the courts in this Circuit have routinely permitted mental examinations of six
28 hours or longer. See, e.g., *Farier v. City of Mesa*, 2008 WL 4701049, *3 (D. Ariz. Oct. 23, 2008)

(six hours); *Louen v. Twedt*, 2007 WL 915226, *4 (E.D. Cal. Mar. 26, 2007) (full-day); *Ayat v. Societe Air France*, 2007 WL 1120358, *9 (N.D. Cal. Apr. 16, 2007) (eight hours); *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, *7 (N.D. Cal. 2013) (five to six hours with the ability to extend if testing is not completed). Additionally, courts in this Circuit have found that the MMPI-2 and the MMI-III are proper tools for psychological assessment. *See Ashley,* 2013 WL 2386655, *2.

The examination shall be conducted on September 30, 2013, from 9:00 a.m. to 4:30 p.m. with Plaintiff being given breaks as needed, including a 1 ½ hour lunch break. Dr. Etcoff shall have the discretion to allocate the interview and testing portions over that time period, so long as Plaintiff does not undergo more than 6 hours of examination. Should Plaintiff require frequent breaks, the time limits may be reasonably extended to account for the amount of time necessary to stop and restart the interview and/or testing portions. Further, in the unlikely event that Plaintiff reacts so negatively that the examination itself causes her psychological harm, the Court trusts that Dr. Etcoff will end the examination.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Emergency Motion to Compel Plaintiff to Attend a FRCP 35 Evaluation with Lewis M. Etcoff, Ph.D., ABN, Docket No. 49, is **GRANTED.**

DATED this   26th   day of September, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge