UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HEATHER PAINTER,

    Plaintiff(s),

v.

AARON ATWOOD, D.D.S., et al.,

    Defendant(s).

2:12-CV-1215 JCM (NJK)

**ORDER**

Presently before the court is defendants' motion to vacate this court's prior order. (Doc. # 60). Plaintiff has filed a response (doc. #63) and defendants have not replied.

Also before the court is defendants' emergency motion for relief pursuant to special order 109 (doc. # 69). Although the deadline in which to file a response has not expired, the court finds that any response would be unnecessary to the resolution of this motion.

A.    *Motion to Vacate (doc. # 60)*

On February 4, 2014, plaintiff filed a motion to extend the time in which to file her responses to defendants' motion for spoliation sanctions and motion for partial summary judgment. (Doc. # 58). The motion was docketed as ripe and the court issued an order granting the request the same day. (Doc. # 59).

Defendants have filed the instant motion requesting the court vacate that order. Defendants assert that plaintiff was not forthcoming with the court regarding her reasons for requesting an extension, and have accused plaintiff of "gamesmanship."

**James C. Mahan**
**U.S. District Judge**

1    In the motion to extend time, plaintiff's counsel represented that technical issues with his
2 office's computer servers and a significant power outage to his building made it impossible for him
3 to prepare the responses in time. Defendants contend that counsel filed the motion only after he had
4 asked defendants for a voluntary extension and was denied the same.

5    Defendants further accuse plaintiff's counsel of playing "fast and loose" with the rules. In
6 response, plaintiff's counsel has submitted a declaration from a member his firm's outside
7 information technology support group, Mark Kane, attesting to the computer and power outage
8 issues.

9    The court has no reason to doubt the veracity of Mr. Kane's declaration. In light of the strong
10 policy considerations in favor of resolving issues on their merits, the court reaffirms its decision to
11 extend the response deadlines. Defendants' motion is denied.

12 B.   *Motion for Special Relief (doc. # 69).*

13   Defendants have filed an emergency motion for relief pursuant to special order 109. Special
14 order 109 deals with relief from technical failures, providing that "[a] filing user whose filing is
15 made untimely as the result of a technical failure may seek appropriate relief from the court."
16 Defendants ask the court for an order deeming their replies in support of their motions for spoliation
17 sanctions and summary judgment as timely.

18   Those replies were due on or before February 21, 2014. They were not filed until February
19 23, 2014. However, the court's electronic filing system was taken down for maintenance at
20 approximately 5:00 p.m. on February 21, 2014. Defendants assert they attempted to file the replies
21 that evening but were unable to access the court's website.

22   Because defendants had until the end of the day on February 21, 2014, in which to file their
23 replies, but were unable to do so, the court finds good cause exists to excuse their tardiness.
24 Defendants' motion is granted.

25   Accordingly,

26   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to vacate
27 (doc. # 60) be, and the same hereby is, DENIED.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1     IT IS FURTHER ORDERED that defendants' motion for special relief (doc. # 69) be, and
2 the same hereby is, GRANTED.
3     DATED March 3, 2014.

                                                          **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -