**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATHER PAINTER,<br><br>   Plaintiff(s),<br><br>v.<br><br>AARON ATWOOD, D.D.S., et al.,<br><br>   Defendant(s). | 2:12-CV-1215 JCM (NJK) |

**ORDER**

Presently before the court is Heather Painter's (hereinafter "plaintiff") motion to reconsider, (doc. # 78), Magistrate Judge Nancy Koppe's order granting spoliation sanctions, (doc. # 75). Aaron Atwood, D.D.S. and Atwood Urgent Dental Care, P.L.L.C. (hereinafter "defendants") filed a response in opposition, (doc. # 79), the plaintiff replied, (doc. # 82), and the defendants filed a supplement to their opposition, (doc. # 85).

**I.** **Background**

This case arises out of the plaintiff's allegation that the defendant, Dr. Atwood, attempted to rape or sexually assault the plaintiff during the course of her employment. Kelli Atwood, the wife of the defendant, claims that she saw Facebook posts (hereinafter "posts") made by the plaintiff describing how much she enjoyed her employment with the Atwoods, and that these posts were later deleted. The defendants move for spoliation sanctions against the plaintiff for deleting the posts and the magistrate judge granted the order in part, imposing an adverse inference to the jury. (Doc. # 75).

James C. Mahan
U.S. District Judge

1    In the instant motion, the plaintiff argues that the record does not support granting sanctions
2    because the conclusion that the posts ever existed was based solely upon statements made by the
3    plaintiff's counsel, which the plaintiff claims were never made. (Doc. # 78). Therefore, the plaintiff
4    moves for this court to reconsider the order, arguing that the magistrate judge erred in finding that
5    the posts existed, much less were destroyed and improperly analyzed the prejudicial effect of the
6    alleged destruction of the posts. *Id.*

7    **II.      Legal Standard**

8        Magistrate judges are authorized to resolve pretrial matters subject to district court review
9    under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R.
10   Civ. P. 72(a); LR 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate
11   judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate
12   judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court
13   to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the
14   preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*,
15   490 U.S. 858, 869 (1989).

16       "A finding is clearly erroneous when although there is evidence to support it, the reviewing
17   body on the entire evidence is left with the definite and firm conviction that a mistake has been
18   committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). "An
19   order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of
20   procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939,
21   at *3 (D. Nev. 2012).

22   **III.     Discussion**

23       In the instant motion, the plaintiff challenges the magistrate judge's findings that any posts
24   were actually destroyed. The plaintiff argues the magistrate judge clearly erred in relying solely on
25   the declaration of Kelli Atwood and admissions allegedly made by the plaintiff's counsel—which
26   the plaintiff argues were never made. (Doc. # 78). The plaintiff also claims that the magistrate judge
27   erred in her analysis of the prejudicial effect by failing to consider the ability of Kelli Atwood to

28

**James C. Mahan**
**U.S. District Judge**

1    testify about the allegedly deleted posts. *Id.* The court will first address whether the magistrate judge

2    erred in determining the posts were destroyed and then the issue of prejudice.

3           The magistrate judge did not err in finding spoliation of evidence, as the only evidence on

4    the record, the Kelli Atwood declaration, shows that posts had been deleted. According to the record,

5    the magistrate judge based her decision on the "[p]laintiff's counsel's representations during the

6    hearing [on March 17, 2014]" and on the declaration of an adverse litigant, Kelli Atwood. (Doc. #

7    75). Regardless of whether such representations were made, statements by the plaintiff's counsel in

8    a hearing are not evidence. (Doc. # 76).

9           However, the Kelli Atwood declaration does exist in the record and no evidence has been

10   presented to contradict it. Therefore, although statements which may have been made by the

11   plaintiff's counsel do not prove that the plaintiff destroyed the posts, the Kelli Atwood declaration,

12   without evidence to the contrary, is sufficient to demonstrate that they did exist. Because they have

13   not been produced, the magistrate judge did not clearly err in concluding they have been destroyed.

14          Furthermore, the magistrate judge did not err in evaluating whether the defendants would be

15   prejudiced by the destruction of the evidence at issue. The magistrate judge considered the difference

16   in credibility between documentary evidence and the testimony of Kelli Atwood. (Doc. # 76). It is

17   not clear error to determine that the destruction of definite proof, such as the actual postings, could

18   have a prejudicial effect which could not be remedied through witness testimony.

19   **IV.    Conclusion**

20          The magistrate judge was correct in her finding that evidence had been destroyed and

21   properly considered the resulting prejudicial effect. Therefore, the magistrate judge did not clearly

22   err in issuing an adverse inference sanction for spoliation of evidence.

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1    Accordingly,

2         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the plaintiff's motion to

3    reconsider, (doc. # 78), be, and the same hereby, is DENIED.

4         DATED July 21, 2014.

5

6    _____

7    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28