1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10

11   HEATHER PAINTER,                        )
                                             )
12                   Plaintiff(s),           )          Case No. 2:12-cv-01215-JCM-NJK
                                             )
     vs.                                     )          ORDER
13                                           )
     AARON ATWOOD, D.D.S., et al.,           )          (Docket No. 111)
14                                           )
                     Defendant(s).           )
15   _____)

16          Pending before the Court is Defendants' "emergency" motion for stay in proceedings, filed

17   on November 25, 2014.  Docket No. 111. For the reasons discussed below, the Court declines to

18   shorten briefing schedule for this motion.

19          Pursuant to Local Rule 7-5, the Court has the sole discretion to determine whether an

20   "emergency" motion is, in fact, an emergency.  Local Rule 7-5(d)(3).  The filing of emergency

21   motions is disfavored because of the numerous problems that they create for the opposing party and

22   the court resolving them.  *See, e.g.*, *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp.

23   488, 490-92 (C.D. Cal. 1995) (outlining problems caused by motions seeking resolution outside the

24   timetables established for briefing motions set out in the rules).[1]  As a result, courts may deny the

25   emergency relief sought where the movant itself created the emergency situation necessitating

26

27          [1] *Misson Power* and its progeny refer to "ex parte" motions, but it uses that term to include
     motions that request action by the court outside the framework of the rules, including motions
28   seeking expedited resolution without the ability to rely on the regular briefing and hearing schedule
     (*i.e.*, "hybrid ex parte" motions). *See, e.g.*, *Mission Power*, 883 F. Supp. at 490.  In this District, such
     motions are referred to as "emergency" motions. *See* Local Rule 7-5(d).

1  resolution of the pending motion outside the ordinary briefing schedule. *See, e.g.*, *id.* at 493.  The

2  failure of the movant to show it was without fault in creating the emergency situation alone justifies

3  denial of the emergency relief sought.  *See, e.g.*, *Pate v. Wells Fargo Bank Home Mtg., Inc.*, 2011

4  WL 2682646, *1 (C.D. Cal. July 7, 2011).

5          The "emergency" nature of Defendants' motion is of their own making.  According to the

6  Declaration of Jason P. Weiland, this motion "needs to be addressed on an emergency basis because

7  the Parties' Joint Pretrial Order is due on or before November 28, 2014, and the Court will not have

8  ruled on the Motion to Certify by that time."  Docket No. 111, at 11.  Defendants, however, have

9  known of the upcoming pretrial order deadline since October 28, 2014.  *Id.*, at 5; *see* Docket No.

10  110.  Further, Defendants contacted Plaintiff on November 17, 2014, regarding the filing of an

11  emergency motion to stay.  Docket No. 111, at 13.  Defendants fail to explain why they waited only

12  two business days before the joint pretrial order deadline before filing the pending motion.  The

13  Court is unable to find that the situation necessitating emergency review of the pending motion to

14  stay pending resolution of the motion to certify was not of Defendant's own making.

15          For the reasons discussed more fully above, Defendants' request for "emergency" designation

16  of their motion to stay is denied.  The briefing on this motion will proceed according to the normal

17  schedule.  *See* Local Rule 7-2.  While the motion is pending, the parties will comply with the

18  scheduling order at Docket No. 55.  As such, the joint pretrial order shall be filed no later than

19  November 28, 2014.

20          IT IS SO ORDERED.

21          DATED: November 25, 2014

22

23

24                                                          _____

25                                                          NANCY J. KOPPE
                                                            United States Magistrate Judge

26

27

28